FILED
United States Court of Appeals
Tenth Circuit

March 13, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDWARDO KINDT,

Defendant-Appellant.

No. 11-3146
(D.C. No. 2:09-CR-20158-CM-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.

After a jury trial, Edwardo Kindt, a Hispanic male, was convicted of

assaulting a Bureau of Prisons officer in violation of 18 U.S.C. § 111(a)(1). He

argues that his equal protection rights were violated when the district court failed

to engage in a proper *Batson v. Kentucky*, 476 U.S. 79 (1986), analysis of the

government's peremptory challenge striking a Hispanic female. Specifically, he

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

contends the court did not make factual findings concerning the prosecutor's discriminatory intent in exercising the peremptory challenge. We affirm.

In making a *Batson* objection, Mr. Kindt noted that although the Hispanic female and a white female were similarly situated, the government did not challenge the white female. The government presented two race-neutral reasons for striking the Hispanic female: (1) her body language and bored demeanor suggested she was not engaged in the process; and (2) she was hard to understand when she presented her biographical information and it seemed she did not address all of the items she was asked to address, again suggesting she was disengaged. In responding to the court's invitation to argue the government's proffer was pretextual, Mr. Kindt stated only that the Hispanic female had answered all of the biographical questions. The prosecutor conceded he may have had difficulty understanding her, but then stated he was basing his peremptory challenge primarily on his observations of her body language and lack of engagement in the process. After Mr. Kindt declined to make further comment, the court proceeded to overrule Mr. Kindt's *Batson* challenge:

> The court, when made aware of the Batson challenge, has gone through its analysis. I had previously mentioned for the record the Batson challenge was made based on the ethnic background of the defendant as well as the use of peremptory challenge by the government on an individual who appears to be of the same ethnic background. The court then following the standard asked the government for their basis for their peremptory challenge. [The prosecutor] stated on the record his reasons as to why he believed this particular juror . . . was different from defendant's reference to

another similarly situated juror as it relates to her responses . . . . [Defense counsel] is correct in regards to what the court recollects as the verbal responses that were given to the questions about their background, their spouse's background, educational background, and children. [The prosecutor's] basis, though, seems to be focused on his observations during the voir dire and [the juror's] apparent lack of engagement, interest in these proceedings. He's made as part of his record for the basis statements about how he believed that she was not engaged, that she appeared to be bored, and as a result, he believed that that would be a reason for him to use the peremptory challenge. Defendant believes that's pretextual, that there still would have been discrimination by the use of this peremptory challenge, and they referred the court back to the responses that were made during voir dire by both [jurors]. Upon review, the court would find that its understanding of Batson challenge is partly also based on its understanding of case law relating to Batson challenges, and the case law the court would find that a valid peremptory challenge can be based on a party's observations of a panel member's demeanor, conduct, and behavior during the voir dire. The court would find that, in fact, has been shown to the court by the government as the basis. That's a race neutral reason--in this case, ethnic neutral reason for the exercise of the peremptory challenge. So, at this time, the Batson challenge is overruled.

R., Vol. 2 at 120-22. Mr. Kindt made no further objections.

Under *Batson*, 476 U.S. at 96-99, peremptory challenges may not be exercised to exclude jurors based on race or ethnicity. *See Hernandez v. New York*, 500 U.S. 352, 355 (1991). *Batson* sets out a three-step process for a district court to follow when deciding whether a peremptory challenge was improperly exercised:

First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race; second, if that showing has been made, the prosecution must offer a race-neutral basis for striking the juror in question; and third, in light

-3-

of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination.

*Snyder v. Louisiana*, 552 U.S. 472, 476-77 (2008) (brackets omitted) (internal quotation marks omitted).

We review for clear error the district court's ruling on purposeful discrimination.[1] *See id.* at 477. "Step three of the *Batson* inquiry involves an evaluation of the prosecutor's credibility." *Id.* We typically defer to the court's determinations concerning credibility and demeanor, *id.* at 477, especially when the court finds the prosecutor "credibly relied on demeanor in exercising a strike," *id.* at 479.

Mr. Kindt argues that the court failed to make the required findings regarding demeanor and credibility because it did not clearly state whether it considered the government's explanation credible. Mr. Kindt therefore contends the court conflated the second step's governmental race-neutral reason with the third step's determination of discriminatory intent and never properly concluded that the government struck the juror without intending to discriminate against him. Because the court failed to make proper findings regarding the

---

[1] The government contends we should review for plain error because Mr. Kindt did not challenge the district court's factual findings in that court. We need not decide whether plain error review is appropriate. Even applying the less demanding clear error standard, we affirm the district court.

-4-

government's credibility or the court's own observations of the juror's demeanor, he maintains this court is unable to review the district court's findings.

Mr. Kindt relies on cases from the Seventh Circuit to support his position. *See United States v. Rutledge*, 648 F.3d 555, 557 (7th Cir. 2011); *United States v. McMath*, 559 F.3d 657, 666 (7th Cir. 2009). Those cases hold that the district court must make a credibility determination, and the Seventh Circuit will not presume the prosecutor's race-neutral justification was credible simply because the district court denied the *Batson* challenge.

*Rutledge* and *McMath* are distinguishable. In both cases, the defendants presented pretext arguments to counter the government's race-neutral reasons, and the district court accepted the government's race-neutral reasons without further comment. *See Rutledge*, 648 F.3d at 557-58; *McMath*, 559 F.3d at 666. In comparison, Mr. Kindt did not make any pretext argument concerning the body language and demeanor components of the government's race-neutral explanation. Thus, he "gave the district court no reasonable basis for questioning the government's credibility in offering its race-neutral reasons" concerning body language and demeanor. *United States v. Smith*, 534 F.3d 1211, 1226 (10th Cir. 2008) (internal quotation marks omitted). Furthermore, the district court, although providing a short explanation that did not explicitly make a credibility finding, did indicate familiarity with the law and recognized Mr. Kindt's pretext argument. This case is therefore not one where we are left with nothing we can

defer to.  Because Mr. Kindt "did not meet [his] burden of showing discriminatory intent, the district court did not clearly err in determining that there was no *Batson* violation."  *Smith*, 534 F.3d at 1226 (citation omitted).

The judgment of the district court is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge